**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBERT GARBER,

          Plaintiff - Appellant,

   v.

HICKMAN, #30355 individually and in her official capacity as a detective for the Los Angeles Police Department; et al.,

          Defendants - Appellees.

No. 13-55908

D.C. No. 2:11-cv-09745-DDP-RNB

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted December 9, 2014[**]

Before:     WALLACE, LEAVY, and BYBEE, Circuit Judges.

Robert Garber appeals pro se from the district court's summary judgment in

his 42 U.S.C. § 1983 action alleging various constitutional violations in connection

with his arrest and detention. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo a district court's ruling on cross-motions for summary judgment, *Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 970 (9th Cir. 2011), and we affirm.

The district court properly granted summary judgment for defendants on Garber's claim for false arrest because Garber failed to raise a genuine issue of material fact as to whether defendants lacked probable cause to arrest him. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 470-71 (9th Cir. 2007) (explaining that a warrantless arrest violates the Fourth Amendment if the arresting officer does not have probable cause to believe that person to be arrested has committed a felony, and describing the probable cause standard); *compare* Fed. R. Civ. P. 56 *with* Fed. R. Civ. P. 8 (describing different burdens for answers to complaints and motions for summary judgment).

We do not consider the district court's summary judgment on Garber's remaining claims. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (arguments not raised by a party in its opening brief are deemed waived).

The district court did not abuse its discretion in denying Garber leave to amend in order to add an additional defendant because defendants provided Garber with the name of the proposed defendant at least eight months before Garber sought leave to amend, and both parties had already moved for summary judgment.

13-55908

*See United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (stating standard of review and factors for determining whether to grant leave to amend).

We reject as without merit Garber's contentions of perjury and judicial bias.

**AFFIRMED.**